IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

_____

SANDERS LAMONT ADAMS,

                      Petitioner,

                                      Civil Action No.
      v.                          9:01-CV-0878 (TJM/DEP)

M.P. MCGINNIS, Superintendent of
Southport Correctional Facility,

                      Respondent.

_____

APPEARANCES:                  _____OF COUNSEL:

FOR PETITIONER:

SANDERS LAMONT ADAMS, *Pro Se*

FOR RESPONDENT:

HON. ELIOT SPITZER          NELSON SHEINGOLD, ESQ.
New York State Attorney General     Asst. Attorney General
Department of Law
The Capitol
Albany, New York  12224-0341

DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

REPORT AND RECOMMENDATION

Petitioner Sanders Lamont Adams, a New York State prison

inmate in the custody of the New York Department of Correctional

Services ("DOCS"), has commenced this proceeding seeking federal habeas review of a disciplinary proceeding and which resulted in the imposition of sanctions including, *inter alia*, the loss of good conduct time ("GCT").

Currently pending before the court is a motion filed by the respondent, originally under Rule 12(b)(6) of the Federal Rules of Civil Procedure but later converted to one for summary judgment, seeking dismissal of Adams' petition based upon the governing one year statute of limitations, and additionally in light of petitioner's alleged failure to properly exhaust available remedies by first fairly presenting to the New York state courts the constitutional claims now raised.   Because I find that the petition in this matter is untimely, was not preceded by proper exhaustion of available state court remedies, and is procedurally barred, I recommend that the court grant summary judgment dismissing Adams' habeas claims.

I.   <u>BACKGROUND</u>

The petition in this matter challenges the results of a Tier III disciplinary hearing conducted on June 11, 1997, at a time when Adams was confined within the Clinton Correctional Facility ("Clinton"), a prison

operated by the DOCS and located in Dannemora, New York.[1]  *See*

Amended Petition (Dkt. No. 36) ¶¶ 2-5, 11(c); Selsky Decl. (Dkt. No. 45)

¶ 3, Exh. A.  That hearing was convened to address an incident which

occurred three days earlier, resulting in charges of attempted assault on

staff (disciplinary rule 110.11), violent conduct (disciplinary rule 104.11),

making threats (disciplinary rule 102.10), interference with employees

(disciplinary rule 107.10), and failure to abide by frisk procedures

(disciplinary rule 115.10) being lodged against the petitioner.  *See*

Selsky Decl. (Dkt. No. 45) Exh. A.  As a result of that hearing Adams

was apparently found guilty of at least some of the disciplinary

infractions charged, and was sentenced based upon that finding to

disciplinary segregation within the prison's special housing unit ("SHU"),

with a corresponding loss of privileges, and the deprivation of GCT.  *Id.*

The hearing officer's determination was later modified, on appeal, by

decision rendered on August 7, 1997 by Donald Selsky, the DOCS

---

[1]      The DOCS conducts three types of inmate disciplinary hearings.  Tier I
hearings address the least serious infractions, and can result in minor punishments
such as the loss of recreation privileges.  Tier II hearings involve more serious
infractions, and can result in penalties which include confinement for a period of
time in the Special Housing Unit (SHU).  Tier III hearings concern the most serious
violations, and could result in unlimited SHU confinement and the loss of "good
time" credits.  *See Hynes v. Squillace*, 143 F.3d 653, 655 (2d Cir.), *cert. denied*,
525 U.S. 907, 119 S. Ct. 246 (1998).

Director of Special Housing/Inmate Disciplinary Program, dismissing the threat charge lodged under rule 102.10 and reducing the penalties imposed to six months of lost GCT and 180 days of SHU confinement and loss of privileges.  *See* Selsky Decl. (Dkt. No. 45) ¶ 6, Exh. A.

In response to the section of the form petition used by the petitioner to commence this proceeding, which inquires whether he challenged this result in the state courts, Adams responded only that the matter was automatically reviewed by the Great Meadow Correctional Facility Time Allowance Committee, resulting in a modification of the challenged sanction on January 18, 2002.[2]  *See* Amended Petition (Dkt. No. 36) ¶ 9.  It is now clear, however, that petitioner has made several futile attempts, in both the federal and state courts, to challenge the disciplinary determination stemming from the June 11, 1997 hearing and the subsequent modification by Director Selsky on August 7, 1997.  On August 23, 1999 Adams filed a petition for habeas relief under 28 U.S.C. § 2254 in the Western District of New York, seeking review of that

---

[2]    Petitioner filed a separate habeas petition in this district independently challenging the decision of the Time Allowance Committee, based in part on what he claims were faulty underlying disciplinary determinations, including the June 11, 1997 hearing determination.  *See Adams v. McGinnis*, 9:04-CV-271 (filed Mar. 12, 2004).  That petition was transferred by District Judge Gary L. Sharpe to the Western District of New York on July 19, 2004.  *Id.*, Dkt. No. 6.

determination.[3]  *Adams v. McGinnis*, 6:99-CV-1603 (filed August 23, 1999).  Following transfer of the matter and an initial review of the petition in this district, Chief Judge Frederick J. Scullin, Jr. dismissed the proceeding without prejudice on November 19, 1999, noting that it did not appear that Adams had challenged the disciplinary determination in question in the New York state courts.[4]  6:99-CV-1603, Dkt. No. 7, at 2-5.

On December 29, 1999, Adams petitioned for state habeas relief under Article 70 of the New York Civil Practice Law and Rules ("CPLR") in New York Supreme Court, Clinton County, challenging three disciplinary proceedings conducted at Clinton in 1997.  That petition was dismissed on January 19, 2000, based upon the court's finding that a proceeding under Article 78 of the CPLR was the appropriate vehicle for

---

[3]     That petition was transferred to this district from the Western District of New York on October 4, 1999.  Adams' initial petition in that case challenged a number of disciplinary determinations in addition to the one arising out of the June 11, 1997 proceeding.  *See* 99-CV-1603, Dkt. No. 1.  In response to an order by Judge Larimer directing petitioner to narrow the claims asserted in his petition to one proceeding, Adams focused on the June 11, 1997 proceeding held at Clinton; given Clinton's location within the Northern District of New York, Judge Larimer ultimately transferred the matter to this district.  *Id.*, Dkt. Nos. 3-5.

[4]     After an unsuccessful attempt by Adams in 2002 to appeal that dismissal, 99-CV-1603, Dkt Nos. 8-9, Adams recently filed a motion to vacate the judgment; that motion was denied by Chief Judge Scullin on April 13, 2005.  Dkt. Nos. 12-13.

challenging a prison disciplinary determination.  *Adams v. Goord*, No. 38759 (Clinton Cty. Jan. 19, 2000) (McGill, J.), attached as Respondent's Supplemental Memorandum (Dkt. No. 58) Exh. A; Adams Affirmation (Dkt. No. 56) ¶ 9.  The court found that conversion of the habeas application to a petition under Article 78 would be inappropriate, in light of expiration of the four month statute of limitations period applicable to Article 78 proceedings.  *Id.*  Subsequent efforts by the petitioner to obtain review of the dismissal of his Article 70 petition by the Supreme Court Appellate Division, Third Department, and the New York Court of Appeals, were unsuccessful.  Respondent's Supplemental Memorandum (Dkt. No. 58) Exh. B, C; Adams Affirmation (Dkt. No. 56) ¶ 9.  Adams concedes that he has not directly appealed the August 1997 determination by Director Selsky which arose from the June 11, 1997 disciplinary proceeding by pursuing an Article 78 challenge in the state courts.  Adams Aff. (Dkt. No. 56) ¶¶ 7-10.

II.    <u>PROCEDURAL HISTORY</u>

Petitioner commenced this proceeding on June 1, 2001, seeking federal habeas relief under 28 U.S.C. § 2254.  Dkt. No. 1.  Following routine review of the petition for its sufficiency, the court issued two

6

separate orders requiring Adams to file an amended petition clearly delineating his efforts to satisfy the exhaustion requirements applicable to his claims. *See* Dkt. Nos. 3, 11. Based upon the failure to comply with those orders, a judgment was entered on January 3, 2002 dismissing Adams' petition. Dkt. No. 13.

On February 22, 2002 the United States Court of Appeals for the Second Circuit issued a decision and mandate ordering that Adams' petition be reinstated. Dkt. No. 14. In its mandate the Second Circuit directed that the district court consider whether the petition was properly filed under 28 U.S.C. § 2254 or instead should have been construed as seeking habeas intervention under 28 U.S.C. § 2241 – a question which at the time was unresolved in this circuit but has since been answered based upon the Second Circuit's decision in *Cook v. New York State Division of Parole*, 321 F.3d 274 (2d Cir. 2003). The Second Circuit's determination also directed that petitioner be given an opportunity to file an amended petition demonstrating either his exhaustion of state court remedies or a basis for excusing him from the exhaustion requirement. *See id.*

On April 19, 2002 petitioner filed an amended petition in

7

accordance with the Second Circuit's decision and a subsequent order from this court, issued on March 19, 2002 by District Judge Thomas J. McAvoy, directing that the petitioner do so.  Dkt. No. 15, 16.  A second amended petition was subsequently filed by Adams on May 7, 2003. Dkt. No. 36.  In response to that latest amended petition, respondent moved on June 23, 2003 for its dismissal, asserting both the one year statute of limitations applicable to such proceedings and petitioner's failure to exhaust as bases for the motion.  Dkt. Nos. 41-45.  After attempting without success to file additional amended or supplemental petitions (*e.g.*, Dkt. Nos. 46, 47, 50), Adams ultimately responded in opposition to the pending dismissal motion on April 26, 2004.  Dkt. No. 56.

On July 15, 2004 I issued an order converting respondent's motion to dismiss to one for summary judgment, based upon the submission of materials extraneous to the complaint.  Dkt. No. 57.  Since that time the parties have submitted supplemental memoranda and exhibits.  Dkt. No. 58, 61.  The matter, which is now ripe for determination, has been referred to me for the issuance of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Northern District of New York

8

Local Rule 72.3(c).  *See also* Fed. R. Civ. P. 72(b).

III.   DISCUSSION

    A.   Summary Judgment Standard

    Summary judgment is governed by Rule 56 of the Federal Rules of

Civil Procedure.  Under that provision, summary judgment is warranted

when "the pleadings, depositions, answers to interrogatories, and

admissions on file, together with the affidavits . . . show that there is no

genuine issue as to any material fact and that the moving party is

entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c); *see*

*Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552

(1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S. Ct.

2505, 2509-10 (1986); *Security Ins. Co. of Hartford v. Old Dominion*

*Freight Line, Inc.*, 391 F.3d 77, 82-83 (2d Cir. 2004).

    When summary judgment is sought, the moving party bears an

initial burden of demonstrating that there is no genuine dispute of

material fact to be decided with respect to any essential element of the

claim in issue; the failure to meet this burden warrants denial of the

motion.  *Anderson*, 477 U.S. at 250 n.4, 106 S. Ct. at 2511 n. 4; *Security*

*Ins.*, 391 F.3d at 83.  In the event this initial burden is met, the opposing

party must show, through affidavits or otherwise, that there is a material issue of fact for trial.[5]  Fed. R. Civ. P. 56(e); *Celotex*, 477 U.S. at 324, 106 S. Ct. at 2553; *Anderson*, 477 U.S. at 250, 106 S. Ct. at 2511.

When deciding a summary judgment motion, a court must resolve any ambiguities, and draw all inferences from the facts, in a light most favorable to the nonmoving party.  *Wright v. Coughlin*, 132 F.3d 133, 137-38 (2d Cir. 1998).  Summary judgment is inappropriate where "review of the record reveals sufficient evidence for a rational trier of fact to find in the [non-movant's] favor."  *Treglia v. Town of Manlius*, 313 F.3d 713, 719 (2d Cir. 2002) (citation omitted); *see also Anderson*, 477 U.S. at 250, 106 S. Ct. at 2511 (summary judgment is appropriate only when "there can be but one reasonable conclusion as to the verdict.").

B.   AEDPA Statute of Limitations

Adams' petition is properly brought under 28 U.S.C § 2254, as "[a] state prisoner . . . not only may, but according to the terms of section

---

[5]      A material fact is genuinely in dispute "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Anderson*, 477 U.S. at 248, 106 S. Ct. at 2510.  Though *pro se* plaintiffs are entitled to special latitude when defending against summary judgment motions, they must establish more than merely "metaphysical doubt as to the material facts."  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S. Ct. 1348, 1356 (1986); *but see Vital v. Interfaith Med. Ctr.*, 168 F.3d 615, 620-21 (2d Cir. 1999) (noting obligation of court to consider whether *pro se* plaintiff understood nature of summary judgment process).

2254 must, bring a challenge to the execution of his or her sentence . . . under section 2254."[6]  *Cook*, 321 F.3d at 278; *Jenkins v. Duncan*, No. 9:02-CV-673, 2003 WL 22139796, at *2-*3 (N.D.N.Y. Sept. 16, 2003) (Sharpe, M.J.) (citing *Cook*).  Enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996), brought about significant new limitations on the power of a federal court to grant habeas relief to a state court prisoner under 28 U.S.C. § 2254.  One of those was the creation of a one-year limitation period for the filing of such habeas petitions.[7]  28 U.S.C. §

---

[6]      That section applies to an "application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).

[7]      The one-year statute of limitations runs from the latest of

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

2244(d)(1); *Cook*, 321 F.3d at 279-80.  The AEDPA statute of limitations "reduces the potential for delay on the road to finality by restricting the time that a prospective federal habeas petitioner has in which to seek federal habeas review."  *Duncan v. Walker*, 533 U.S. 167, 179, 121 S. Ct. 2120, 2128 (2001).

_____The appropriate mechanism in New York to challenge a disciplinary determination is through petition filed under Article 78 of the CPLR.  *Grant v. Senkowski*, 95 N.Y.2d 605, 607, 744 N.E.2d 132, 133, 721 N.Y.S.2d 597, 598 (2001).  A proceeding under CPLR Article 78 is commenced in Supreme Court, whose final decision is appealable as of right to the New York State Supreme Court, Appellate Division.  CPLR 5701(a)(1), 7804(b).  Claims that an administrative finding in New York was not supported by substantial evidence, on the other hand, must be transferred directly to the Appellate Division for review.  CPLR 7804(g). In either event, the Appellate Division's decision is then appealable to the New York State Court of Appeals upon the granting of leave.  CPLR

---

(D) the date on which the factual predicate of the claim
or claims presented could have been discovered
through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

5602(a).  Importantly, Article 78 petitions must be filed within four

months of the final determination of the state agency, review of which is

sought.  CPLR 217(a).

_____In this case, the initial June 11, 1997 hearing determination was

modified by Donald Selsky on August 7, 1997.  Selsky Aff. (Dkt. No. 45)

Exh. A.  Petitioner was notified of this finding on August 12, 1997.  Meier

Aff. (Dkt. No. 44) Exhibit A.  It was on that day that the four month

statute of limitations for the filing of an Article 78 proceeding began to

run.  *See Stephens v. Strack*, 249 A.D.2d 637, 637, 671 N.Y.S.2d 535,

536 (3d Dept. 1998).  Since petitioner admittedly never filed an Article 78

proceeding, "the date on which the judgment became final by the . . .

expiration of the time for seeking . . . review" was December 12, 1997,

upon expiration of the four-month statute of limitations for Article 78

proceedings.  28 U.S.C. § 2244(d)(1).  Measured from that point

petitioner had one year, or until December 12, 1998, to petition this court

for habeas relief under section 2254.  Given that Adams did not file his

habeas petition until June 1, 2001, it is patently untimely and subject to

dismissal, absent some basis for tolling, either under the AEDPA itself or

equitably.

The AEDPA's statute of limitations contains a tolling provision which can serve to mitigate the potential harshness of the one-year filing requirement. *E.g.*, 28 U.S.C. 2244(d)(2); *see also Cook*, 321 F.3d at 282 (remanding matter to the district court for consideration of the tolling issue in light of petitioner's listing of seven other state proceedings which, he argued, had the effect of tolling the applicable limitations period). This provision

> balances the interests served by the exhaustion requirement and the limitation period. Section 2244(d)(2) promotes the exhaustion of state remedies by protecting a state prisoner's ability later to apply for federal habeas relief while state remedies are being pursued. At the same time, the provision limits the harm to the interest in finality by accordingly tolling effect only to "properly filed application[s] for State post-conviction or other collateral review."

*Duncan*, 532 U.S. at 179-80, 121 S. Ct. at 2128. It is well-settled, however, that this savings provision only tolls the statute of limitations during the pendency of a properly-filed state court proceeding; it does not require resetting of the one year clock or confer a new, one year period upon commencement of such a review proceeding. *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir.), *cert. denied*, 531 U.S. 840, 121 S. Ct. 104 (2000). When such a review proceeding is filed,

> the provision stops, but does not reset, the clock
> from ticking on the time in which to file a habeas
> petition.  It cannot revive a time period that has
> already expired.  To allow a belated state court
> collateral attack to revive the AEDPA limitations
> period would defeat the purpose of the AEDPA
> limit.

*Sorce v. Artuz*, 73 F. Supp.2d 292, 294 (E.D.N.Y. 1999).

Although courts in this circuit are split as to whether a state habeas proceeding can toll the AEDPA statute of limitations, *see Martino v. Berbary*, No. 03-CV-0923, 2005 WL 724133, at *2 (W.D.N.Y. Mar. 30, 2005) (collecting cases), it is unnecessary to stake out a position on the issue in this instance.  Under section 2244(d)(1) petitioner's one year limitation period had already expired prior to his filing of an Article 70 petition in December of 1999; the commencement of that proceeding thus did not serve to either toll or revive the governing limitation period.[8] *E.g.*, *Sorce*, 73 F.Supp.2d at 297.

The Second Circuit has recognized that the one year AEDPA limitation period is also subject to equitable tolling under appropriate circumstances.  *Smith*, 208 F.3d at 17.  As that court noted in *Smith*,

---

[8]     A federal habeas petition such as the one filed by Adams in August, 1999 cannot serve to toll the AEDPA statute of limitations.  *Duncan*, 533 U.S. at 181-82, 121 S. Ct. at 2129.

15

however, equitable tolling applies "only in the rare and exceptional circumstance[ ].'" *Smith*, 208 F.3d at 17 (quoting *Turner v. Johnson*, 177 F.3d 390, 391-92 (5th Cir.1999)) (alteration in original).  "To merit application of equitable tolling, the petitioner must demonstrate that he acted with 'reasonable diligence' during the period he wishes to have tolled, but that despite his efforts, extraordinary circumstances 'beyond his control' prevented successful filing during that time." *Smaldone v. Senkowski*, 273 F.3d 133, 138 (2d Cir. 2001) (quoting *Smith*, 208 F.3d at 17), *cert. denied*, 535 U.S. 1017, 122 S. Ct. 1606 (2002).

The record firmly belies any claim that Adams acted with reasonable diligence in pursuing his challenges of the June 11, 1997 hearing determination.  Adams waited two years after Director Selsky's determination in August of 1997 before filing his initial habeas petition in federal district court in August of 1999.  While Adams filed a state habeas petition in December of 1999, shortly after his federal habeas petition's dismissal for failure to exhaust in November of 1999, he waited nearly nine months after the rejection of his appeal by the New York Court of Appeals to file the instant petition.  Nowhere in any of the documents filed in this matter has the petitioner suggested that he was

16

prevented from timely filing his habeas petition due to circumstances over which he had no control.  I therefore find no basis to invoke the court's tolling powers in order to salvage Adams' untimely petition.[9]

C.   AEDPA Exhaustion

In addition to challenging the timeliness of his petition, respondent argues that Adams has failed to fully exhaust his claims by fairly presenting them to the state courts, as required by the AEDPA.

The AEDPA requires that before a state inmate may petition for habeas review under 28 U.S.C. § 2254, he or she must first exhaust all available state court remedies or, alternatively, demonstrate that "there is an absence of available State corrective process [or that] circumstances exist that render such process ineffective to protect the rights of the applicant."  28 U.S.C. § 2254(b)(1); *see also Fama v. Commissioner of Corr. Servs.*, 235 F.3d 804, 808 (2d Cir. 2000) (quoting

---

[9]     Although the Second Circuit has acknowledged that the "question remains open" as to whether the United States Constitution requires that an "actual innocence" exception be engrafted onto the AEDPA's statute of limitations, *see Whitley v. Senkowski*, 317 F.3d 223, 225 (2d Cir. 2003), that court has nevertheless directed district courts to consider a claim of actual innocence before dismissing a habeas petition as untimely filed.  *Id.*; *see also Doe v. Menefee*, 391 F.3d 147, 161 (2d Cir. 2004).  In this instance, however, Adams has not attempted to establish such a claim, nor has he come forward with any new evidence that was not before the hearing officer during the June 11, 1997 disciplinary hearing.  *Menefee*, 391 F.3d at 161.  I therefore find that this exception does not apply.

§ 2254).  The petitioner bears the burden of demonstrating that he or she has exhausted available state remedies before petitioning for habeas relief.  *United States ex rel. Cuomo v. Fay*, 257 F.2d 438, 442 (2d Cir. 1958); *Geraci v. Sheriff, Schoharie Cty. Jail*, No. 9:99-CV-405, 2004 WL 437466, at *4 (N.D.N.Y. Feb. 20, 2004) (Sharpe, J.) (citing, *inter alia*, *Cuomo*); *Colon v. Johnson*, 19 F. Supp.2d 112, 119-20 (S.D.N.Y. 1999) (same).

Federal habeas claims asserted by state inmates are deemed exhausted only after having been "fairly presented" to the highest court of the state involved.  *Fama*, 235 F.3d at 808-09 (citing *Picard v. Connor*, 404 U.S. 270, 275, 92 S. Ct. 509, 512 (1971)).  Although both federal and state courts are charged with securing a state criminal defendant's federal rights, the state courts must initially be given the opportunity to consider and rectify any violations of federal law.  *Daye v. Attorney General of New York*, 696 F.2d 186, 191 (2d Cir. 1982).  "The chief purposes of the exhaustion doctrine would be frustrated if the federal habeas court were to rule on a claim whose fundamental legal basis was substantially different from that asserted in state court."  *Glover v. Bennett*, No. 98-CV-0607, 1998 WL 278272, at *1 (N.D.N.Y. May 21,

1998) (Pooler, D.J.) (quoting *Daye*, 696 F.2d at 192) (footnote omitted).

It is readily apparent that owing to petitioner's failure to pursue proper, available avenues in a timely fashion, the New York courts have never been afforded the opportunity to pass upon the merits of the constitutional claims now being raised.  As was previously noted, the proper vehicle for challenging a disciplinary determination is under CPLR Article 78.  *See Grant*, 95 N.Y.2d at 607, 744 N.E.2d at 133, 721 N.Y.S.2d at 598.  The filing of a petition under CPLR Article 70 is not an appropriate alternative mechanism for challenging a prison disciplinary determination.  *See Dawson v. Smith*, 69 N.Y.2d 689, 690-91, 504 N.E.2d 386, 387, 512 N.Y.S.2d 19, 20 (1986); *France v. Coughlin*, 99 A.D.2d 599, 599, 471 N.Y.S.2d 695, 696 (3d Dept. 1984).  For purposes of exhaustion, a petitioner must employ the proper state law procedural vehicle so that the state courts are afforded the opportunity to address the claims raised on the merits.  *Camarano v. Irvin*, 902 F.Supp. 358, 365 (S.D.N.Y. 1994) (citing, *inter alia*, *Dean v. Smith*, 753 F.2d 239 (2d Cir. 1985)).  Petitioner's improper utilization of an Article 70 petition to challenge the disputed disciplinary proceeding effectively deprived the state courts of any opportunity to review the merits of his constitutional

19

claims, resulting instead in dismissal of his Article 70 petition on a purely procedural basis.

When a claim has never been presented to a state court, a federal court may find that there is an absence of available state corrective process under § 2254(b) "if it is clear that the unexhausted claim is procedurally barred by state law and, as such, its presentation in the state forum would be futile." *Aparicio v. Artuz*, 269 F.3d 78, 90 (2d Cir. 2001) (citing *Reyes v. Keane*, 118 F.3d 136, 139 (2d Cir. 1997)); *Lurie v. Wittner*, 228 F.3d 113, 124 (2d Cir. 2000) (federal court may address merits of a habeas petition containing unexhausted claims where there is no further state proceeding for petitioner to pursue or where further pursuit would be futile), *cert. denied*, 532 U.S. 943, 121 S. Ct. 1404 (2001).  As such, I must determine whether it would be futile for Adams to now seek review of his disciplinary determination in the state courts.

As I have already noted, the four-month statute of limitations governing Article 78 proceedings has long expired.  Any effort on petitioner's part to obtain state court review of his constitutional claims at this late date could therefore be futile; accordingly, his claims are "deemed exhausted" for purposes of the instant habeas application.

*Spence v. Superintendent, Great Meadow Corr. Facility*, 219 F.3d 162, 170 (2d Cir. 2000); *Senor v. Greiner*, No. 00-CV-5673, 2002 WL 31102612, at *10  (E.D.N.Y. Sept. 18, 2002).

Although the claim now at issue is "deemed exhausted," it is also procedurally defaulted.  *See Aparicio*, 269 F.3d at 90.  Accordingly, review of the substance of this claim by a federal court called upon for habeas intervention is appropriate only if the petitioner can demonstrate cause for his or her default and resulting prejudice, or, alternatively, that a fundamental miscarriage of justice would be left unremedied absent federal habeas review.  *Murray v. Carrier*, 477 U.S. 478, 495-96, 106 S. Ct. 2639, 2649 (1986); *Ramirez v. Attorney General of the State of New York*, 280 F.3d 87, 94 (2d Cir. 2001) (citations omitted).

A fundamental miscarriage of justice exists "where a constitutional violation has probably resulted in the conviction of one who is actually innocent[.]" *Murray*, 477 U.S. at 496, 106 S. Ct. at 2649; *St. Helen v. Senkowski*, 374 F.3d 181, 184 (2d Cir. 2004) ("[i]n the case of procedural default (including where an unexhausted claim no longer can proceed in state court), [a federal court] may reach the merits of the claim 'only if the defendant can first demonstrate either cause and actual

21

prejudice, or that he is actually innocent'") (quoting *Bousley v. United States*, 523 U.S. 614, 622, 118 S. Ct. 1604 (1998)), *cert. denied*, *St. Helen v. Miller*, ___ U.S. ___, 125 S.Ct. 871 (2005).

To establish "cause," the petitioner must show that some objective external factor impeded his or her ability to comply with the relevant procedural rule. *Coleman v. Thompson*, 501 U.S. 722, 753, 111 S.Ct. 2546, 2566-67 (1991); *Restrepo v. Kelly*, 178 F.3d 634, 638 (2d Cir. 1999) (citing, *inter alia*, *Coleman*). Examples of external factors include "interference by officials," ineffective assistance of counsel, or that "the factual or legal basis for a claim was not reasonably available" at trial or on direct appeal.[10] *Murray*, 477 U.S. at 488, 106 S.Ct. at 2645.

Adams has failed to establish cause for his failure to exhaust this claim. Given that failure, I need not decide whether he suffered actual prejudice, since federal habeas relief is generally unavailable as to procedurally defaulted claims unless *both* cause and prejudice are demonstrated. *Stepney v. Lopes*, 760 F.2d 40, 45 (2d Cir. 1985); *You v.*

---

[10]     It should be noted, however, that "[a]ttorney ignorance or inadvertence is not 'cause' because the attorney is the petitioner's agent when acting, or failing to act, in furtherance of the litigation, and the petitioner must 'bear the risk of attorney error.'" *Coleman*, 501 U.S. at 753, 111 S.Ct. at 2566-67 (quoting *Murray*, 477 U.S. at 488, 106 S.Ct. at 2645.

*Bennett*, 00-CV-7514, 2003 WL 21847008, at *7 (E.D.N.Y. July 29,

2003) (citing *Coleman*, 501 U.S. at 750, 111 S.Ct. at 2564-65); *Staley v.*

*Greiner*, No. 01CIV.6165, 2003 WL 470568, at *7 (S.D.N.Y. Feb. 6,

2003) (citing *Stepney*); *Pou v. Keane*, 977 F.Supp. 577, 581 (N.D.N.Y.

1997) (Kahn, J.).  Additionally, particularly in view of petitioner's failure to

offer any evidence to show his actual innocence of the disciplinary

infraction of which he was convicted, I find no basis to conclude that my

failure to consider the merits of this claim would result in a fundamental

miscarriage of justice, which has been interpreted as amounting to "an

unjust incarceration."  *Spence*, 219 F.3d at 170.

Having considered the parties' submissions, I find that petitioner

has failed to sustain his burden of proving compliance with the AEDPA's

exhaustion requirement, and that his petition is subject to dismissal on

this basis.[11]

### D.   Independent and Adequate State Grounds

Respondent also argues that the state court's refusal to convert

---

[11]     While under other circumstances dismissal of Adams' petition without
prejudice in order to allow him to return to state court for the purpose of exhausting
his remedies would be appropriate, it would be pointless to do so in this case,
since, as I have already found, his petition to this court is time-barred, and he no
longer has available to him any avenues for effectuating state court review of his
claims.

Adams' Article 70 petition to one under Article 78 on the grounds that the statute of limitations had already expired constitutes an independent and adequate state ground for denying the relief sought, thereby precluding federal habeas review.

A federal habeas court is precluded from reviewing a claim if the state courts' rejection of the argument rests on "independent and adequate state grounds."  *Coleman*, 501 U.S. at 736, 111 S.Ct. at 2558; *Jones v. Stinson*, 229 F.3d 112, 117 (2d Cir. 2000).  This occurs when the last state court rendering a decision in the case held that its judgment rested on a state procedural bar.  *Harris v. Reed*, 489 U.S. 255, 262, 109 S.Ct. 1038, 1043 (1989); *Jones*, 229 F.3d at 118.  If the last state court issuing a decision clearly and expressly states that its judgment rests on a state procedural bar, then the federal court may not review the claim unless the petitioner demonstrates both good cause for and actual prejudice resulting from his or her noncompliance with the state's procedural rule.  *Fama*, 235 F.3d at 809; *Garcia v. Lewis*, 188 F.3d 71, 76-77 (2d Cir. 1999); *Levine v. Comm'r of Corr. Servs.*, 44 F.3d 121, 126 (2d Cir. 1995).  A further exception exists where the petitioner can show that he or she is actually innocent, but has been convicted and

incarcerated because of a constitutional violation. *Murray*, 477 U.S. at 495-96, 106 S.Ct. at 2649.

Judge McGill held that petitioner's claims were more appropriately pursued under Article 78, but that he could not convert petitioner's Article 70 proceeding to an Article 78 proceeding because the statute of limitations had expired well before its filing. Respondent's Supplemental Memorandum (Dkt. No. 58) Exh. A at 2. The failure to meet a state statute of limitations represents an independent and adequate state ground sufficient to bar federal habeas review. *Coleman*, 501 U.S. at 740-44, 111 S. Ct. at 2559-61. Consideration of the claims now presented by Adams is therefore appropriate only upon a showing of either legal cause for petitioner's default and resulting prejudice, or actual innocence. *See Fama*, 235 F.3d at 809; *Garcia*, 188 F.3d at 76-77; *Levine*, 44 F.3d at 126. As I have already concluded, Adams has not shown cause for his default, nor has he sought to establish a credible claim of actual innocence. Adams' petition is therefore subject to dismissal on the further basis that the Clinton County Supreme Court's decision rested on an independent and adequate state ground, effectively precluding this court's habeas review of the merits of his

25

federal claims.

IV.   SUMMARY AND CONCLUSION

The petition in this matter suffers from three independent, though equally fatal, procedural deficiencies.  Adams' petition to this court was filed long after the expiration of the governing one year limitation period for seeking habeas review, and he has established no basis for excusing him from the consequences of that untimely filing.  Additionally, the petition in this matter is subject to dismissal based upon Adams' failure to exhaust available state court remedies.  Finally, because dismissal of petitioner's state court challenge rested on an independent and adequate state ground, this court's habeas review is precluded.  It is therefore hereby

RECOMMENDED, that respondent's motion for summary judgment [Dkt No. 41] be GRANTED, and Adams' petition DISMISSED in its entirety.

NOTICE:  pursuant to 28 U.S.C. § 636(b)(1), the parties have ten (10) days within which to file written objections to the foregoing report-recommendation.  Any objections shall be filed with the clerk of the court.  FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS

WILL PRECLUDE APPELLATE REVIEW.  28 U.S.C. § 636(b)(1); Fed.

R. Civ. P. 6(a), 6(e), 72; *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993).

It is further ORDERED that the Clerk of the Court serve a copy of

this report and recommendation upon the parties by regular mail.

Dated:      June 6, 2005
                 Syracuse, NY

David E. Peebles
U.S. Magistrate Judge

G:\ISSUES\habeas corpus\adams.wpd

27