**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

**SANDERS LAMONT ADAMS,**

**Petitioner,**

**-against-** **01-CV-878**

**M. P. MCGINNIS,**

**Respondent.**

---

**THOMAS J. McAVOY,**
**Senior United States District Judge**

## DECISION & ORDER

## I. INTRODUCTION

Petitioner commenced this action pursuant to 28 U.S.C. § 2554 challenging a June 11, 1997 prison disciplinary determination which, *inter alia*, assessed Petitioner good-time credit as a penalty for his violation of prison rules. Dkt. # 16. The matter was referred to the Hon. David E. Peebles, United States Magistrate Judge, for a Report and Recommendation. On June 6, 2005, Magistrate Judge Peeble issued a Report-Recommendation that recommended that the Petition be denied and dismissed. Dkt. # 64.[1] Petitioner filed objections and supplemental objections to the Report-

---

[1] In his report-recommendation, Judge Peebles concluded that the Petition was barred by the applicable one year statute of limitations supplied by the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), 28 2244(d)(1), and was untimely by approximately three years. Dkt. # 68 pp. 10- 17. Judge Peebles further concluded that Petitioner also failed to exhaust available state remedies to review the determination of the 1997 prison disciplinary hearing he challenged in the instant Petition as required by AEDPA, 28 U.S.C. § 2254(b). Id. pp. 17-23. The Magistrate Judge also

Recommendation. See Dkt. #s 65 & 67. On August 10, 2005, the Court issued a Decision and Order adopting the findings and reasoning of Magistrate Judge Peebles' Report-Recommendation, and dismissed the action. See Dkt. # 68.

After Judgment was entered, Dkt. # 69, Petitioner filed a Notice of Appeal. Dkt. # 70. On September 13, 2005, the United State Court of Appeals for the Second Circuit issued a mandate dismissing Petitioner's Notice of Appeal due to his failure to seek a certificate of appealability ("COA"). Dkt. # 73. Petitioner has now filed a motion to vacate the Court's Judgment pursuant to Fed. R. Civ. P. 60 or, in the alternative, for a COA.

## III. DISCUSSION

### a. Rule 60(b) Motion

Federal Rule of Civil Procedure 60(b) allows a court to relieve a party from a final judgment based upon:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Fed. R. Civ. P. 60(b).

Motions under Rule 60(b) are disfavored and the burden of proof is on the party seeking relief from the judgment. Pichardo v. Ashcroft, 374 F.3d 46, 55 (2d Cir. 2004). Moreover, "a Rule 60(b) motion is not a substitute for appeal. Accordingly, Rule 60(b)

---

concluded that the Petition was barred in that the underlying state court determination relied upon by petitioner was denied upon an independent and adequate state law ground precluding federal habeas review. Id. pp. 23-26.

motions that simply attempt to relitigate issues and thereby circumvent the appellate process are routinely dismissed." Espinal v. U.S., 2006 WL 163179, at *2 (S.D.N.Y. 2006) (internal citations omitted). "[I]n the habeas context, relief under Rule 60(b) is available 'only when the Rule 60(b) motion attacks the integrity of the habeas proceeding and not the underlying criminal conviction.'" Id. (citing Harris v. United States, 367 F.3d 74, 77 (2d Cir. 2004)).

Petitioner recites the words "newly discovered evidence" and "fraud" but fails to demonstrate the existence of any newly discovered evidence relative to the Court's Decision and Judgment, or any fraud on behalf of any party to this litigation that prevented him from fully and fairly litigating this action. See State Street Bank and Trust Co. v. Inversiones Errazuriz Limitada, 374 F.3d 158, 176 (2d Cir. 2004)("To prevail on a Rule 60(b)(3) motion, a movant must show that the conduct complained of prevented the moving party from fully and fairly presenting his case. These same principles apply when a movant seeks to set aside a judgment on the basis of fraud on the court.")(internal quotations and citations omitted); see also King v. First Am. Investigations, Inc., 287 F.3d 91, 95 (2d Cir. 2002).[2] Instead, Petitioner claims that the Court's Judgment should be vacated because it is "clearly erroneous" in that the Court somehow "shifted the burden of coming forward with newly discovered evidence." Pet. Aff. ¶ 6. Petitioner's arguments are

---

[2] Fraud upon the court as distinguished from fraud on an adverse party is limited to fraud which seriously affects the integrity of the normal process of adjudication. Fraud upon the court should embrace only that species of fraud which does or attempts to, defile the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery cannot perform in the usual manner its impartial task of adjudging cases.

King v. First Am. Investigations, Inc., 287 F.3d at 95 (internal citations, quotations, and alterations omitted).

wholly lacking in merit and fail to address the actual bases of Court's Decision- namely that his claims are barred by AEDPA's statute of limitations; that he failed to exhaust state remedies; and that the state judgment was based upon an adequate and independent state law ground.

The argument that the Court erred because it did not *sua sponte* convert his case to a Section 1983 action is meritless. His underlying loss of good time credit determined after a hearing has not been invalidated by the New York State Courts, hence any § 1983 action brought as a result of this hearing is barred under Edwards v. Balisok, 520 U.S. 641, 648 (1997). See Chavis v. Kienert, 2005 WL 2452150, at *13 (N.D.N.Y. 2005). Further, the Section 1983 statute of limitations would have expired well before Petitioner commenced this action. See Pinaud v. County of Suffolk, 52 F.3d 1139, 1156 (2d Cir.1995) (the statute of limitations for § 1983 actions is three years from the date the claim accrued).

There being no meritorious basis to vacate the Judgment, the Rule 60(b) motion is DENIED.

**b. Certificate of Appealability**

Having reviewed Petitioner's papers submitted in support of the Certificate of Appealability, the Court finds that the application must also be denied because Petitioner fails to make a substantial showing of a denial of a constitutional right. See 28 U.S.C. § 2253(c)(2). In addition, Petitioner fails to demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in

its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 120 S. Ct. 1595, 1604, 146 L.Ed.2d 542 (2000); see Miller-El v. Cockrell, 537 U.S. 322, 123 S. Ct. 1029, 1039-1040 (2003); Middleton v. Attorneys General, 396 F.3d 207, 209 (2d Cir. 2005)("The petitioner must show that reasonable jurists could debate whether ... the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.").

## III. CONCLUSION

For the reasons set forth above, it is hereby

**ORDERED** that Petitioner's motion to vacate the judgment is **DENIED**, and it is further

**ORDERED** that a Certificate of Appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure and 28 U.S.C. § 2253(c)(2) is **DENIED.**

Dated:January 23,2007

Thomas J. McAvoy
Senior, U.S. District Judge